# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLEN CLARKE,<br><br>      Petitioner,<br><br>      v.<br><br>SHERIFF PARKINSON,<br><br>      Respondent. | Case No. CV 20-7889- ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses Petitioner's unexhausted and untimely habeas corpus action without prejudice.

\* \* \*

1. Petitioner Kellen Clarke is an inmate currently housed at the San Luis Obispo County Jail. According to the petition he filed in this action, Petitioner pled nolo contendere to drunk driving and related charges. In September 2019, the trial court sentenced him to a four-year prison term. (Petition at 2, exhibits.) Petitioner did not seek review of his

conviction or sentence in either the state appellate or supreme courts. (Petition at 2-3.)

2. In August 2020, Petitioner filed this habeas corpus action under 28 U.S.C. § 2254. The petition advances claims of impropriety at sentencing, ineffective assistance of counsel, and deficient medical care.

\* \* \*

3. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

4. A preliminary review of the face of the petition demonstrates that Petitioner is not entitled to habeas relief. As discussed below, the action is patently unexhausted and untimely.

5. *Unexhausted* – Under AEDPA, a petitioner must exhaust all claims as a prerequisite to a federal court's consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015). Petitioner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982).

6. That obviously did not happen here. Petitioner admits in the petition that he did not seek appellate review of his conviction or sentence. As a result, there is no state court decision for this federal court to review for constitutional error. Petitioner's unexhausted claims cannot be considered on habeas review.

1    7.    *Untimely* – Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when the prisoner's conviction becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011). When a California prisoner does not appeal a conviction, that conviction becomes final under AEDPA sixty days after the entry of judgment. Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Cal. R. Ct. 8.308(a).

8.    Petitioner's conviction became final in November 2018 (60 days after September 2018 judgment). His deadline to file this federal habeas action expired in approximately November 2019. However, Petitioner did not file the action until August 2020, or seven months after the statutory deadline. Moreover, the petition does not explain the delay in any way. The petition is untimely as a matter of law.

\* \* \*

Therefore, the present action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: _September 14, 2020    _____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE